Roy Breg DAVIS, Appellant,

v.

SOUTHERN PACIFIC TRANSPORTATION COMPANY, Appellee.

No. 17399.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

June 28, 1979.

Helm, Pletcher, Hogan & Burrow, J. Donald Bowen, Houston, for appellant.

Baker & Botts, Philip J. John, Jr., Houston, for appellee.

DOYLE, Justice.

This is an appeal from a take nothing judgment in a personal injury suit filed by Roy Breg Davis (appellant) against Southern Pacific Transportation Company (appellee), pursuant to the provisions of the Federal Employers' Liability Act. We affirm.

Appellant began work for appellee on August 1, 1974, as a part of a three-man welding crew working on a railroad siding west of Alpine, Texas. On August 7, 1974, the crew was welding rails together with Boutet welds. This is a process in which a mold is constructed around the gap between the ends of two rails, and a liquid substance is ignited and poured into the mold. After it sets up and hardens, the mold is removed and the excess metal, or "slag," is chipped away with a hammer and chisel. A grinding machine is then run over the weld to grind it smooth.

The welding crew consisted of two helpers, appellant and Ron Gillespie, and a foreman, Mike Thorman. At the time of the accident, Thorman and Gillespie were chipping excess slag off the weld with a sledge hammer and chisel, and appellant was wait-

ing to operate the grinding machine when they were finished. Appellant testified that none of the crew were wearing safety glasses, but this was disputed. It is undisputed that Mr. Davis himself was not wearing safety glasses at that time and was standing some "15 or 20 feet back behind the grinder."

When Mr. Gillespie, holding the hammer, struck the chisel being held by Mr. Thorman, a steel chip flew from the hammer and entered Mr. Davis' left eye. As a result of this injury, it was later necessary for Mr. Davis' left eye to be removed entirely. A prosthetic device was installed in the socket for cosmetic purposes.

Davis brought suit against appellee alleging its negligence in that it failed to provide safe working conditions and that it used defective equipment, including a sledge hammer and chisel, in its operations. Appellant prayed for $680,000 in damages. At the trial, the hammer was introduced into evidence by appellee but the chisel was not. Consequently, the absent chisel became a central issue in this case. Appellee had both the chisel and hammer in its possession. Appellant contends that this accident could have been avoided if the chisel in question had been equipped with a rubber housing around the head to prevent steel chips from flying off when it was hit with the sledge hammer. Appellee counters that there was a rubber covering on the chisel and that the incident was a "freak accident." There is much disputed testimony concerning the rubber housing on the chisel.

Sixteen special issues were submitted to the jury, which found all issues in favor of appellee. Upon receiving the jury's verdict, the trial judge granted the take nothing judgment.

During the closing jury argument when appellant's attorney commented on the failure of appellee to introduce the chisel into evidence, the appellee's attorney interrupted and offered "to go get it now and bring it over here." Appellant made no objection to the sidebar remark, nor made a motion for mistrial. The record before us includes a motion for new trial and an amended motion for new trial, but no order thereon. Hence we deem the motion to have been overruled by operation of law. Rule 329b, T.R.C.P. The record on appeal includes the transcript, statement of facts, jury arguments and the exhibits.

The appellant brings three points of error, the first of which alleges that the trial court erred in failing to grant plaintiff a new trial because of the sidebar outburst of appellee's counsel during plaintiff's jury argument. The sidebar remarks in question are here noted. Appellant's attorney (Mr. Bowen) during his closing argument to the jury stated:

"Why isn't that chisel here? It is not here because it doesn't have one ounce, one strip of rubber on it and it never did have and that is why this accident happened. Doggone it. That is why it happened.

Now, it was a violation of the rules to use that chisel without rubber on the striking head. Why? Because that is where you get the chips. That chisel didn't have any rubber on it. If it would have we would have seen it here. We would have seen that chisel with a big bunch of rubber around it, Mr. John would have brought that chisel in here and where is it?

Mr. John: I'll be happy to get it not and bring it over here.

Mr. Bowen: You know the case is over with.

Mr. John: You had a chance to get it yourself.

Appellant argues that the foregoing interruption was calculated to cause and did cause the rendition of an improper verdict in this case. While we do not agree that the interruption had the effect as argued by appellant, we do think it appropriate to point out that appellee's counsel's conduct in making the sidebar remark was clearly improper and reprehensible and should not be condoned.

At the time the outburst occurred, no objection was made to the court, thereby depriving the trial judge of the opportunity

to admonish or instruct the jury to disregard such outburst if it were deemed prejudicial. Generally, when an objection to improper argument or sidebar comments is not timely made, it is waived and cannot entitle one to a new trial or a reversal of the case on appeal. *Miller v. Bock Laundry Machine Co.*, 568 S.W.2d 648 (Tex.1977); *Younger Brothers, Inc. v. Myers*, 159 Tex. 585, 324 S.W.2d 546 (1959); *Texas Employers' Inc. Ass'n v. Haywood*, 153 Tex. 242, 266 S.W.2d 856 (1954).

Appellant contends, however, that this remark was so prejudicial that his failure to timely object did not waive his right to complain of this error on appeal. He cites the case of *Gulf, C. & S.F. Ry. Co. v. Dooley*, 62 Tex.Civ.App. 345, 131 S.W. 831 (1910, no writ). This case is clearly not applicable. In *Dooley*, defendant's counsel objected to each of some 21 allegedly improper sidebar remarks and requested the trial court to instruct the jury to disregard each of them. All of the objections were overruled. Clearly the remarks made in the *Dooley* case included direct appeals to passion and prejudice, which the trial judge in effect, approved. The court, in reversing and remanding the case, stated:

> "We are not authorized to speculate upon the resultant effect of this conduct, because it if appears to us that it was reasonably calculated to influence the jury, then it becomes our duty to set aside the verdict; and since we feel that it probably had this effect, we sustain these assignments."

■ In our case there was only one sidebar remark by appellee's counsel to which no objection was made. Nor can we conclude, after looking at the entire record before us, that such remark was an appeal to passion and prejudice and was of such a nature that it could not have been cured by proper instruction. Since there was adequate testimony in the record from which the jury could draw its own conclusions about any fact pertaining to the subject chisel, the trial judge could have instructed the jury to disregard appellee's counsel's remarks and look to the evidence. Under

the test and authorities cited in *Texas Employers' Inc. Ass'n v. Haywood*, supra, and *McNeil v. Current*, 484 S.W.2d 394 (Tex.Civ. App.-Houston [1st Dist.] 1972, ref'd n.r.e.), we hold that the sidebar remark under consideration was not so prejudicial that its harmful effect could not have been cured by an instruction to the jury by the trial judge and was not reasonably calculated to cause and probably did not cause the rendition of an improper judgment. Rule 434, T.R.C.P. We overrule this point of error.

■ The trial court excluded the testimony of appellant's witness, Mildred Davis, which was offered concerning the allegedly res gestae statements of Mike Thorman. Appellant sets forth this exclusion as his point of error number two. We have carefully considered the testimony tending to bring the conversation between Mildred Davis and Mike Thorman within the exception of res gestae. At best the excluded testimony seems to be no more than an explanation of the circumstances and events surrounding appellant's accident and subsequent visit to the doctor. None of the requisites of a res gestae exception to the hearsay rule as set forth in 1 C. McCormick and R. Ray, Texas Law of Evidence Sec. 913 (Texas Practice 2 ed. 1956) p. 683, is met by the excluded testimony. No error was committed by the trial court in refusing to admit such testimony. We overrule this point of error.

■ We find no merit to appellant's third point of error contending that there was no evidence to support the jury's answer to special issue no. 1. On this issue the jury was asked for a finding on whether the defendant railroad "used a chisel without a protective rubber covering around the striking head on the occasion in question." We find no exception to the wording of the issue which the jury found in favor of appellee. Michael Thorman, foreman of appellant's crew and present at the time of the accident stated on direct examination:

Q. Was the chisel you were using at the time of the accident equipped with a rubber housing just described.

A. Yes.

On cross-examination by appellant, Thorman again stated:

Q. And you are telling us this particular chisel had rubber around it.

A. Yes, sir.

J. R. Pitts, also present at the accident testified:

A. It was a chisel about that long (indicating). It has an edge each side like an axe maybe with a piece of rubber on the end.

■ It is now the well settled law of this state that in reviewing "no evidence" points, only the evidence in support of the finding will be considered. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L.Rev. 361 (1960). We find that there was evidence upon which the jury could base its answer. Accordingly, we overrule appellant's third point of error.

The judgment of the trial court is affirmed.